PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| | |
|---|---|
| DOCKET NUMBER (*Tran. Court*) | 2:06CR20364-01 |
| DOCKET NUMBER (*Rec. Court*) | |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Andrew Hunt<br>Savannah, GA | Western District of TN | Memphis |
| | NAME OF SENTENCING JUDGE: Honorable Judge Samuel H. Mays, JR. | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 2/13/2015 — TO 2/12/2018 |

OFFENSE
18 U.S.C. § 241 Conspiracy to Violate Civil Rights.
18 U.S.C. §1951 Interference with Commerce by Threats or Violence; Aiding and Abetting.
18 U.S.C § 2
18 U.S.C. § 924(c) Carry/Use of a Firearm During and In Relation to a Crime of Violence.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Southern District of Georgia upon that Court's order Of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further Inquiry of this court.*

Sept. 1, 2015
*Date*

[signature]
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

FILED U.S. DISTRICT COURT SEP 30 2015 CLERK SO. DIST. OF GA.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern DISTRICT OF Georgia

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised Releasee be accepted and assumed by this Court from and after the entry of this order.

FILED U.S. DISTRICT COURT SAVANNAH DIV. 2016 JAN 25 PM 12: 17 CLERK SO. DIST. OF GA.

Sept. 30, 2015
*Effective Date*

[signature]
*United States District Judge*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

**UNITED STATES OF AMERICA**

**-v-** **06-20364-01-Ma**

**ANDREW HUNT**

**Arthur E. Horne, III, CJA**
**Defense Attorney**
**81 Monroe Avenue, Suite 400**
**Memphis, Tennessee 38103**

---

# REDACTED SECOND AMENDED* JUDGMENT IN A CRIMINAL CASE

**(For Offenses Committed On or After November 1, 1987)**

The defendant pleaded guilty to Counts 1, 2 & 3 of the Information on September 08, 2006. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 241 | Conspiracy to violate civil rights | 04/30/2006 | 1 |
| 18 U.S.C. § 1951<br>18 U.S.C. § 2 | Interference with commerce by threats or violence; aiding and abetting | 09/13/2005 | 2 |
| 18 U.S.C. § 924(c) | Carry/use of a firearm during and in relation to a crime of violence | 09/13/2005 | 3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Re-Imposition of Sentence:
February 26, 2009

S/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

March 20, 2009

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ***sixty-three (63) months** on Count 1, **eighty-nine (89) months** on Count 2, to run concurrent with Count 1, and **thirty-one (31) months** on Count 3, to run consecutive to Counts 1 and 2, for a **total term of one hundred twenty (120) months.**

The Court recommends to the Bureau of Prisons:

That defendant participate in the 500 hour drug rehabilitation program.

That defendant be designated to serve his term of imprisonment at Federal Correctional Institution, Ashland, Kentucky.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

Defendant delivered on ____________________to _______________________

at__________________________________________, with a certified copy of this judgment.

_______________________________
UNITED STATES MARSHAL

By:_____________________________
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years** each count, to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten (10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer.

2. The defendant shall seek and maintain lawful full-time employment, except that the defendant shall not be employed as a corrections officer or a law enforcement officer in any capacity.

3. The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$300.00** | | |

The Special Assessment shall be due immediately.

**FINE**

No fine imposed.

**RESTITUTION**

No Restitution was ordered.

AO 455 (Rev. 12/03) Waiver of Indictment

# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA
V.
ANDREW HUNT

**WAIVER OF INDICTMENT**

Filed in Open Court
9/8/06
Jee

CASE NUMBER:

I, ANDREW HUNT, the above named defendant, who is accused of

CONSPIRACY TO VIOLATE CIVIL RIGHTS IN VIOLATION OF 18 U.S.C. § 241
EXTORTION / ARMED ROBBERY 18 U.S.C §1951
CARRYING A FIREARM DURING A CRIME OF VIOLENCE OR DRUG TRAFFICKING CRIME 18 U.S.C § 924(C)

being advised of the nature of the charge(s), the proposed information, and of my rights, hereby waive in open court on 9/8/2006 (*Date*) prosecution by indictment and consent that the proceeding may be by information rather than by indictment.

Andrew Hunt
*Defendant*

[signature]
*Counsel for Defendant*

Before s/Samuel H. Mays, Jr.
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

Filed in Open Court 9/8/06 [illegible]

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cr. No.** 06-I-016 |
| | ) | |
| **vs.** | ) | **18 U.S.C. § 241** |
| | ) | **18 U.S.C. § 1951** |
| **ANDREW HUNT, and** | ) | **18 U.S.C. § 924(c)** |
| **LATERRICA WOODS** | ) | **18 U.S.C. § 2** |
| | ) | |
| **Defendants.** | ) | |

# INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

At all times relevant to this Information:

1. Defendant **ANDREW HUNT** was, before November, 2004, a civilian residing in Memphis, Tennessee, and from November, 2004 until April, 2006, a reserve officer with the Memphis Police Department ("MPD"), a duly constituted police agency providing law enforcement services in Memphis, Tennessee. Its officers were authorized by Tennessee law to make arrests and conduct searches and seizures.

2. Co-conspirator #1 was a Memphis police officer until he was discharged in 2005.

**COUNT 1**

**A. Object of the Conspiracy**

Beginning in or about November, 2003, and continuing to in or about April, 2006, in Memphis, Tennessee, in the Western District of Tennessee, defendants,

**------------------------------------------- ANDREW HUNT-------------------------------------------**
**AND**
**------------------------------------------- LATERRICA WOODS -----------------------------------**

while acting under color of law, along with other co-conspirators known and unknown to the United States Attorney, did knowingly and willfully conspire and agree to injure, oppress, threaten, and intimidate persons in the free exercise and enjoyment of rights secured to them by the Constitution and laws of the United States, that is, the right to be free from unreasonable searches and seizures and the right to be free from deprivation of property without due process of law, by those acting under color of law, in violation of 18 U.S.C. § 241.

It was an object of the conspiracy that the defendants and others, known and unknown to the United States Attorney, entered into a scheme to arrange drug transactions and then stop individuals traveling to those transactions within the Western District of Tennessee and to rob, seize, steal, and take large sums of money in cash, drugs, and other property from them, all within the Western District of Tennessee, for the personal profit of the defendant, all while armed with handguns.

B. **Methods and Means By Which The Object Of The Conspiracy Was To Be Accomplished**

The object of the conspiracy was to be accomplished in substance as follows:

1. At the request of defendant or co-conspirator #1, the leaders and organizers of this conspiracy, other co-conspirators, known and unknown to the United States Attorney, would arrange drug transactions in which the co-conspirators were to buy substantial amounts of marijuana or cocaine.

2. In preparation for many of the robberies, some of the co-conspirators would meet prior to a robbery to discuss with each other how and when to stop the proposed victims and what drugs and money they expected to find.

3. **ANDREW HUNT**, co-conspirator #1, or another co-conspirator law enforcement officer, acting upon information and in coordination with other co-conspirators, would carry out a traffic stop of the victims as they traveled with the drugs to the location of the arranged transaction.

4. **ANDREW HUNT**, co-conspirator #1, or another co-conspirator would unlawfully search the victims' persons and vehicles and would unlawfully take drugs, money and personal property from the person of the victims and from their vehicles in their presence by using threats of force, arrest, and intimidation, thereby committing a robbery.

5. **ANDREW HUNT** and other co-conspirators would use their status as law enforcement officers and the incidents of their office to carry out the robberies, including driving marked police vehicles, wearing police-issued uniforms, displaying official badges and identification, and carrying firearms.

6. **ANDREW HUNT** and other co-conspirators known and unknown to the United States Attorney would identify and represent themselves as law enforcement officers performing official law enforcement duties in order to coerce their victims to comply with their demands, including at times when the defendant was not a law enforcement officer.

7. **LATERRICA WOODS** and other civilian co-conspirators would act in concert with, and at the direction of, the defendant and other co-conspirators, to set up the circumstances for, coordinate, and carry out the robberies.

8. The co-conspirators participating in the robberies would often dress either in official law enforcement uniforms or clothes resembling those that might be worn by a narcotics detective, including carrying official law enforcement badges and handguns.

9. The defendants and other co-conspirators, known and unknown to the United States Attorney, would divide among themselves money, property and narcotics obtained during the robberies and would sell the narcotics stolen from the victims.

10. The defendants, by entering into and participating in this plan, intentionally deprived the victims of rights and privileges secured by the Constitution and the laws of the United States.

**C. <u>Overt Acts</u>**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendant **ANDREW HUNT, LATERRICA WOODS,** and the co-conspirators committed various overt acts within the Western District of Tennessee, including but not limited to the following:

1. In or about July 21, 2005, a civilian co-conspirator arranged to purchase one kilogram of powder cocaine from an individual hereinafter referred to as J.J., and **ANDREW HUNT**, while in uniform, on duty, and using a marked squad car, made a traffic stop of J.J. at Vollintine and Brown, knowing of the proposed transaction.

2. **ANDREW HUNT** robbed the victim of approximately $1000 in cash, a $15,000 Jacob watch, and a Motorola/T-Mobile cell phone.

3. **ANDREW HUNT** explained to the victim that defendant **HUNT** would return the one kilogram of cocaine if the victim produced $15,000 in cash.

4. **ANDREW HUNT** kept the victim's cell phone to enable the victim to make arrangements.

5. The following day, J.J. called his own cell phone and advised defendant **HUNT** he could only arrange for $9,500.

6. **ANDREW HUNT** agreed to accept the cash in order to return the cocaine. Following **ANDREW HUNT's** instructions, J.J. placed the money in a dumpster at the dead end of Village Grove Road, near the Village Grove Apartments, and waited by a pay phone for a call from the Defendant.

7. **ANDREW HUNT** took the money, which he shared with one of his co-conspirators, and did not return the cocaine or otherwise contact J.J.

8. On or about September 12, 2005, a civilian co-conspirator arranged a purchase of four kilograms of powder cocaine.

9. **ANDREW HUNT** on duty, in uniform, wearing a firearm, and driving a marked squad car, pulled over two men delivering the cocaine in a traffic stop.

10. **ANDREW HUNT, LATERRICA WOODS**, and other co-conspirators then robbed the men of four kilograms of cocaine, and with co-conspirators kidnaped the two men, taking them against their will to another location and stating that they would not be released until they had money delivered to that location.

11. When the victims could not provide additional money, defendant **HUNT** arrested them, tagged 189.5 grams of cocaine into evidence as in their possession and kept the remainder of the 4000 grams, which he shared with his co-conspirators.

All in violation of Title 18, United States Code, Section 241.

**COUNT 2**

On or about September 13, 2005, in the Western District of Tennessee, the defendants,

**---------- ANDREW HUNT ----------**
**AND**
**---------- LATERRICA WOODS ----------**

being aided and abetted by each other and others, known and unknown to the United States Attorney, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in such commerce, by robbery in that the defendant did unlawfully take property, that is, cocaine, from the person of and in the presence of Pedro Moreno and Victor Saucedo against their will by means of actual or threatened force, violence, and fear of injury, immediate and future, all in violation of Title 18, United States Code, Sections 1951 and 2.

**COUNT 3**

On or about September 13, 2005, in the Western District of Tennessee, the defendants,

**------------------------------------------ ANDREW HUNT------------------------------------------**
**AND**
**------------------------------------------ LATERRICA WOODS ------------------------------------------**

being aided and abetted by each other and others, known and unknown to the United States Attorney, during and in relation to a crime of violence in which the person may be prosecuted in a court of the United States, specifically, Title 18, United States Code, Section 1951, Hobbs Act Armed Robbery and Title 21, United States Code, Section 846 Conspiracy to Possess a Controlled Substance with intent to Distribute did intentionally use, carry and possess a firearm, that is, a .40 caliber pistol; in violation of Title 18, United States Code, Section 924(c).

[signature]
UNITED STATES ATTORNEY

Date: June 8, 2006

# U.S. District Court
# Western District of Tennessee (Memphis)
# CRIMINAL DOCKET FOR CASE #: 2:06-cr-20364-SHM All Defendants
# Internal Use Only

Case title: USA v. Hunt
Magistrate judge case number: 2:06-mj-00234-jha

Date Filed: 09/08/2006
Date Terminated: 12/29/2006

---

Assigned to: Judge Samuel H. Mays, Jr

**Defendant (1)**

**Andrew Hunt**
*TERMINATED: 12/29/2006*

represented by **Arthur E. Horne , III**
HORNE & WELLS, PLLC
81 Monroe Ave.
Suite 400
Memphis, TN 38103
901-507-2521
Fax: 901-507-1791
Email: horne@hgwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18 U.S.C. 241 CONSPIRACY AGAINST RIGHTS OF CITIZENS (1) | 120 months incarceration, to run concurrent with Count 2; 3 years supervised release, each count concurrently; deft to submit to drug abuse testing/treatment as directed; deft to seek & maintain lawful full-time employment, except that defendant SHALL NOT be employed in law enforcement in any capacity; deft to cooperate in the collection of DNA; $100 special assessment. |
| 18 U.S.C. 1951 and 2 INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (2) | 168 moths incarceration, to run concurrent with Count 1; 3 years supervised release, each count concurrently; deft to submit to drug abuse testing/treatment as directed; deft to seek & maintain lawful full-time employment, except that defendant SHALL NOT be employed in law enforcement in any capacity; deft to cooperate in the collection of DNA; $100 special assessment. |

| | |
|---|---|
| 18 U.S.C. 924(c) VIOLENT CRIME/DRUGS/MACHINE GUN (3) | 60 months incarceration, to run consecutive to Counts 1 & 2; 3 years supervised release, each count concurrently; deft to submit to drug abuse testing/treatment as directed; deft to seek & maintain lawful full-time employment, except that defendant SHALL NOT be employed in law enforcement in any capacity; deft to cooperate in the collection of DNA; $100 special assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:241.F, 18:924C.F, 18:1951.F, 21:846=CD.F | |

---

**Plaintiff**

**USA** represented by **Stephen C. Parker**
Butler Snow LLP
6075 Poplar Avenue
Suite 500
Memphis, TN 38119
901-680-7200
Fax: 901-680-7201
Email: steve.parker@butlersnow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/13/2006 | 1 | COMPLAINT as to Andrew Hunt (1). (smm, ) [2:06-mj-00234-jha] (Entered: 04/14/2006) |
| 04/13/2006 | 2 | Minute Entry for proceedings held before Judge James H. Allen:Initial Appearance as to Andrew Hunt held on 4/13/2006. Court read the charges to the defendant and advised him of his rights. Defendant |

| | | |
|---|---|---|
| | | waived his right to a probable cause hearing. Order finding Probable Cause Entered. Defendant waived his right to a detention hearing and consented to detention. Order of Detention Pending Trial Entered. This matter is held to the action of the Grand Jury. Defendant remanded to the custody of the USM. (AUSA: Stephen Parker) (Deft Atty: Coleman Garrett for a limited appearance) (Tape #FTR.) (smm, ) Modified on 4/14/2006 (smm, ). [2:06-mj-00234-jha] (Entered: 04/14/2006) |
| 04/13/2006 | 3 | ORDER FINDING PROBABLE CAUSE as to Andrew Hunt . Signed by Judge James H. Allen on 04/13/2006. (Allen, James) [2:06-mj-00234-jha] (Entered: 04/14/2006) |
| 04/13/2006 | 4 | ORDER OF DETENTION PENDING TRIAL as to Andrew Hunt . Signed by Judge James H. Allen on 04/13/2006. (Allen, James) [2:06-mj-00234-jha] (Entered: 04/14/2006) |
| 07/07/2006 | 5 | SETTING LETTER as to Andrew Hunt. Attorney Appointment Hearing set for Thursday, 7/13/2006 at 02:45 PM in Courtroom M3 - Memphis before James H. Allen. (smm, ) [2:06-mj-00234-jha] (Entered: 07/07/2006) |
| 07/13/2006 | 6 | Minute Entry for proceedings held before Judge James H. Allen :Attorney Appointment Hearing as to Andrew Hunt held on 7/13/2006. A request for withdrawal of counsel has been made by the defendant. Court granted defendant's request. The court will allow Walter Bailey to withdraw as counsel for the defendant. Defendant's request for court appointed counsel granted. Defendant sworn and questioned regarding his financial status. Certificate of Indigency entered. CJA counsel appointed. Defendant remanded to the custody of the USM. (AUSA: Stephen Parker)(Deft Atty: Walter Bailey)(Tape #FTR.) (smm, ) [2:06-mj-00234-jha] (Entered: 07/13/2006) |
| 07/13/2006 | 7 | Certificate of Indigency as to Andrew Hunt. (smm, ) [2:06-mj-00234-jha] (Entered: 07/14/2006) |
| 07/13/2006 | 8 | ORDER APPOINTING CJA COUNSEL as to Andrew Hunt . Signed by Judge James H. Allen on 07/13/2006. (smm, ) [2:06-mj-00234-jha] (Entered: 07/14/2006) |
| 07/13/2006 | 9 | CJA 20 as to Andrew Hunt: Appointment of Attorney Arthur E. Horne, III for Andrew Hunt. . Signed by Judge James H. Allen on 07/12/2006. (Attachments: # 1 CJA 21 ) (smm, ) Modified on 7/17/2006 (smm, ). Additional attachment(s) added on 7/21/2006 (smm, ). [2:06-mj-00234-jha] (Entered: 07/17/2006) |
| 07/18/2006 | 10 | NOTICE OF ATTORNEY APPEARANCE: Arthur E. Horne, III appearing for Andrew Hunt (Horne, Arthur) [2:06-mj-00234-jha] (Entered: 07/18/2006) |
| 08/11/2006 | 11 | Rule 16 Discovery Request/Response by Andrew Hunt (Horne, Arthur) [2:06-mj-00234-jha] (Entered: 08/11/2006) |
| 09/08/2006 | 12 | INFORMATION as to Andrew Hunt (1) count(s) 1, 2, 3. (agj,) (Entered: |

| | | |
|---|---|---|
| | | 09/20/2006) |
| 09/08/2006 | 13 | WAIVER OF INDICTMENT by Andrew Hunt (agj,) (Entered: 09/20/2006) |
| 09/08/2006 | 14 | PLEA AGREEMENT as to Andrew Hunt (agj,) (Entered: 09/20/2006) |
| 09/08/2006 | 15 | MINUTES: FILING OF CRIMINAL INFORMATION as to Andrew Hunt held on 9/08/2006 before Judge Samuel H. Mays Jr. Deft in custody & present with atty Arthur Horne; AUSA Steve Parker & Dept of Justice atty Jonathan Skrmetti; USPO Wright White. Deft advised of charges & of his rights to Indictment by grand jury; Waiver of Indictment executed & filed in open court; Written Plea Agreement filed in open court. After plea colloquy & basis in fact by govt, Court accepted defts guilty plea to Counts 1 through 3 of Criminal Information. Sentencing set for Thursday, 11/09/2006 at 1:30 PM. Deft remanded to custody of U.S. Marshal. Court Reporter Sharlyn Phillips) (jl) (Entered: 09/22/2006) |
| 09/22/2006 | 16 | SETTING LETTER as to Andrew Hunt. Sentencing set for Thursday, 11/9/2006 at 01:30 PM in Courtroom 2 - Memphis before Samuel H. Mays Jr. (jl, ) (Entered: 09/22/2006) |
| 10/02/2006 | 17 | ORDER ON GUILTY PLEA as to Andrew Hunt, signed by Judge Samuel H. Mays Jr. on 09/22/2006. Deft entered guilty plea to counts 1 through 3 of criminal information on 9/8/2006. Sentencing set for Thursday, 11/9/2006 at 01:30 PM in Courtroom 2 - Memphis before Samuel H. Mays Jr. (Mays, Samuel) (Entered: 10/02/2006) |
| 10/23/2006 | 18 | POSITION REGARDING PRESENTENCE REPORT by USA as to Andrew Hunt. (Parker, Stephen) (Entered: 10/23/2006) |
| 11/09/2006 | 19 | MOTION to Continue by Andrew Hunt. (Horne, Arthur) (Entered: 11/09/2006) |
| 11/14/2006 | 20 | SETTING LETTER as to Andrew Hunt. Sentencing RESET to Friday, 12/15/2006 at 02:00 PM in Courtroom 2 - Memphis before Samuel H. Mays Jr. (jl) (Entered: 11/14/2006) |
| 11/16/2006 | 21 | ORDER granting 19 Motion to Continue as to Andrew Hunt (1). Sentencing is reset to Friday, December 15, 2006, at 2:00 p.m. (from 11/9/06). Signed by Judge Samuel H. Mays Jr. on 11/13/06. (Mays, Samuel) (Entered: 11/16/2006) |
| 12/14/2006 | 22 | POSITION REGARDING PRESENTENCE REPORT by Andrew Hunt. (Horne, Arthur) (Entered: 12/14/2006) |
| 12/15/2006 | 24 | MINUTES: SENTENCING HEARING held before Judge Samuel H. Mays Jr. on 12/15/2006 for Andrew Hunt. Deft in custody and present with atty Arthur Horne; AUSA Steve Parker & Jonathan Skrmetti (DOJ); USPO Lorie Green. PSR adopted as corrected. govt motion for 3 level reduction for acceptance of responsibility granted. The Court heard testimony/statements of Rev Jerry J. Jones, Michael Murphy & Bettina Michelle Hunt. Deft sentenced to 120 months incarceration on Count 1 |

| | | |
|---|---|---|
| | | (statutory maximum); 168 months incarceration on Count 2, to run concurrent with Count 1; and 60 months incarceration as to Count 3, to run consecutive to Counts 1 & 2, for a total term of 228 months incarceration. 3 years supervised release on each count concurrently. Deft to submit to drug abuse testing/treatment as directed; deft to seek & maintain lawful full-time employment, except that defendant SHALL NOT be employed in law enforcement in any capacity; deft to cooperate in the collection of DNA; $300.00 special assessment. Court recommends deft participate in the 500 hour drug treatment program; that deft be designated to serve his term of imprisonment at a facility located closest to Memphis, TN (Court Reporter Sharlyn Phillips) (jl) Modified on 12/19/2006 (jl, ). (Entered: 12/19/2006) |
| 12/19/2006 | 23 | MOTION to Alter Judgment by Andrew Hunt. (Horne, Arthur) (Entered: 12/19/2006) |
| 12/29/2006 | 25 | JUDGMENT IN A CRIMINAL CASE as to Andrew Hunt (1), signed by Judge Samuel H. Mays Jr. on 12/29/2006. Deft sentenced on 12/15/2006 to be imprisoned for a period of 120 months on Count 1, 168 months on Count 2, to run concurrent with Count 1, & 60 months on Count 3, to run consecutive to Counts 1 & 2, for a total term of 228 months imprisonment; 3 years supervised release, each count concurrently; $300 special assessment. Deft to participate in drug abuse testing/treatment as directed; deft to seek & maintain lawful full-time employment, except that defendant shall not be employed as a corrections officer or law enforcement officer in any capacity; deft to cooperate in the collection of DNA. Court recommends deft participate in the 500 hour drug rehab program; Court recommends deft be designated by BOP to serve his term of imprisonment at FCI, Ashland, KY. Deft remanded to custody of U.S. Marshal. (Mays, Samuel) (Entered: 01/04/2007) |
| 12/29/2006 | 26 | REDACTED JUDGMENT IN A CRIMINAL CASE as to Andrew Hunt. (Mays, Samuel) (Entered: 01/04/2007) |
| 03/01/2007 | 27 | Judgment Returned Executed as to Andrew Hunt on 2/22/2007. (agj, ) (Entered: 03/01/2007) |
| 01/28/2009 | 28 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Andrew Hunt held on September 8, 2006, before Judge Mays. Court Reporter sharlyn phillips, Telephone number 902-525-5097.<br><br>Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in this matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript, and twenty-one (21) calendar days to file a Request for Redaction. Redaction is the responsibility of the attorneys and pro se litigants who attended the hearing to which the transcription applies. Each party is responsible for reviewing and requesting redaction of testimony of witnesses that were called for the party and for that party's own statements.<br><br>Any party needing a copy of the transcript to review for redaction |

| | | |
|---|---|---|
| | | purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Notice of Intent to Request Redaction due 2/18/2009. Redaction Request due 2/18/2009. Release of Transcript Restriction set for 4/28/2009. (Phillips, Sharlyn) (Entered: 01/28/2009) |
| 01/28/2009 | 29 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Andrew Hunt held on Sentencing - December 15, 2006, before Judge Mays. Court Reporter Sharlyn Phillips, Telephone number 901-525-5097.<br><br>Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in this matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript, and twenty-one (21) calendar days to file a Request for Redaction. Redaction is the responsibility of the attorneys and pro se litigants who attended the hearing to which the transcription applies. Each party is responsible for reviewing and requesting redaction of testimony of witnesses that were called for the party and for that party's own statements.<br><br>Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Notice of Intent to Request Redaction due 2/18/2009. Redaction Request due 2/18/2009. Release of Transcript Restriction set for 4/28/2009. (Phillips, Sharlyn) (Entered: 01/28/2009) |
| 02/10/2009 | 30 | MOTION to Reduce Sentence *Proposed Order Submitted* by USA as to Andrew Hunt. (Parker, Stephen) (Entered: 02/10/2009) |
| 02/10/2009 | 31 | ORDER as to Andrew Hunt, ( Hearing Re: Motion 30 set for 2/19/2009 09:30 AM in Courtroom 2 - Memphis before Judge Samuel H. Mays Jr..), Motions terminated as to Andrew Hunt: 30 MOTION to Reduce Sentence filed by USA. Signed by Judge Samuel H. Mays, Jr on 2/10/09. (tpe) (Entered: 02/10/2009) |
| 02/11/2009 | 32 | RE-SETTING as to Andrew Hunt, per request of AUSA and by joint agreement of counsel: Motion Hearing Re: 30 is re-set for 2/26/2009 04:00 PM in Courtroom 3 - Memphis before Judge Samuel H. Mays Jr.. (tpe) (Entered: 02/11/2009) |
| 02/26/2009 | 33 | MINUTES: Motion Hearing as to Andrew Hunt held on 2/26/2009 before Judge Samuel H. Mays, Jr. Deft in custody & present w/atty Arthur Horne; AUSA Steve Parker; Jonathan Skrmetti (DOJ). MOTION 30 to Reduce Sentence granted. Deft re-sentenced to 120 months incarceration; all other conditions of deft's sentence remain as previously imposed. Deft remanded to custody of U.S. Marshal. (Court Reporter S. Phillips) (jl) (Entered: 03/02/2009) |
| 03/09/2009 | 34 | AMENDED JUDGMENT IN A CRIMINAL CASE as to Andrew Hunt, signed by Judge Samuel H. Mays, Jr on 03/06/2009. Deft re-sentenced on 02/26/2009 Counts 1, 2 & 3 as follows: 120 months incarceration. All |

| | | |
|---|---|---|
| | | other conditions of deft's sentence remain as previously imposed. (Mays, Samuel) (Entered: 03/09/2009) |
| 03/09/2009 | 35 | REDACTED AMENDED JUDGMENT IN A CRIMINAL CASE as to Andrew Hunt. (Mays, Samuel) (Entered: 03/09/2009) |
| 03/23/2009 | 36 | SECOND AMENDED* JUDGMENT IN A CRIMINAL CASE as to Andrew Hunt, signed by Judge Samuel H. Mays, Jr on 03/20/2009. Deft re-sentenced on 02/26/2009 as follows: *sixty-three (63) months on Count 1, eighty-nine (89) months on Count 2, to run concurrent with Count 1, and thirty-one (31) months on Count 3, to run consecutive to Counts 1 and 2, for a total term of one hundred twenty (120) months. All other conditions of deft's sentence remain as previously imposed. (Mays, Samuel) (Entered: 03/23/2009) |
| 03/23/2009 | 37 | REDACTED SECOND AMENDED* JUDGMENT IN A CRIMINAL CASE as to Andrew Hunt, signed by Judge Samuel H. Mays, Jr on 03/20/2009. Deft re-sentenced on 02/26/2009 as follows: *sixty-three (63) months on Count 1, eighty-nine (89) months on Count 2, to run concurrent with Count 1, and thirty-one (31) months on Count 3, to run consecutive to Counts 1 and 2, for a total term of one hundred twenty (120) months. All other conditions of deft's sentence remain as previously imposed. (Mays, Samuel) (Entered: 03/23/2009) |
| 01/25/2016 | 38 | Probation Jurisdiction Transferred to Southern District of Georgia as to Andrew Hunt. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet via interdistrict transfer. (jae) (Entered: 01/25/2016) |